NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—October, 1887.

FARQUHARSON *v.* NUGENT.

*In the matter of the estate of* MEMICAN H. HOWARD,
*deceased.*

An executor who has paid a "collateral inheritance tax," upon a legacy to
an infant, with the knowledge and consent of his general guardian,
cannot, on a subsequent accounting, he held liable, at the instance of
a guardian *ad litem*, for the amount so paid, upon the ground of an
alleged exemption.

No commissions accrue upon a specific legacy, although the article be-
queathed has been sold, and the price collected and paid over by the
executor, with the approval and by the direction of the legatee.

UPON the judicial settlement of the account of
Frederick F. Nugent, ancillary executor of decedent's
will, Anne Farquharson and another, infant specific
legatees, objected to the charge of $3,046.32, being
amount of "collateral inheritance" tax, with interest,
assessed and paid by the executor to the city comp-
troller, on June 9th, 1887, so far as the same was a
charge upon two fifths of the specific legacy bequeathed
to Mrs. Lydia D. Farquharson and her four chil-
dren, on the ground that the legacy was not taxable
because testator, at the time of his death, was not a
resident of, nor domiciled within the State of New
York, but was then a resident of, and domiciled within
the State of Pennsylvania, where his will was pro-
bated, and letters testamentary therein issued; "where-
fore said tax was erroneously paid by said ancillary

executor, and is not a charge upon these infants' share thereof, and the sᵃⁱ e should be recovered by said ancillary execr' ⸴ as provided ꞏⱱ § 12 of said act."

WYLLYS BENEDICT, *for ancillary executor.*

A. R. GENET, *sᵖ⸴ ⸴ guardian.*

THE SURROGATE.—I do not feel called upon to decide in this case whether the legacy to Mrs. Farquharson and her four children was or was not subject to taxation under the so-called Collateral Inheritance Law, at the time when the accounting party paid the tax thereon.

It is alleged in his behalf, and is not denied, that the appraisement of this legacy was made in compliance with the formalities provided by the statute and after due notice to the legatees. The tax was assessed and fixed by the Surrogate on June 9th, 1887, and was on that day paid by the executor. Six days theretofore, he had procured from all persons interested in the legacy, including Mrs. Farquharson, as guardian of these infant objectors, a consent that the tax be paid. Under these circumstances, the special guardian's claim, that the executor should be charged with two fifths of the total payment, must be overruled.

The legacy here in question was a specific legacy, and, although the bond bequeathed was sold and converted into money by the accounting party, with the approval and by the direction of the legatees, I must disallow his claim to commissions.